Benjamin Scott Miner
8633 La Mesa Blvd # 95
La Mesa, California 91942

FILED
DEC -9 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BENJAMIN SCOTT MINER,
            Plaintiff,
v.                                    Case No  '15 CV 2767 H BGS

HOWARD GEORGE-CEO,
RECEIVABLES PERFORMANCE
MANAGEMENT,
                                      COMPLAINT
            Defendant.

A.                    JURISDICTION

1.   This is an action that alleges that this court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1332 because:

a. The plaintiff is an individual residing in and a citizen of the state of California ;

b. The defendant is a corporation organized and existing under the laws of the State of Washignton with its principle place of business in Lynwood , WA .

c. There is a complete diversity of citizenship between plaintiff and the defendant.

B.                    DEFINITIONS

2.   The plaintiff, Benjamin S. Miner   is a "consumer" as defined by 15 U.S.C. § 1692a(3), as " any natural person obligated or allegedly obligated to pay any debt."

3.   The defendant, Receivables Performance Management   is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as " any person who uses any

Page 1 of 9

1 instrumentality of interstate commerce or the mails in any business
2 the principle purpose of which is the collection of any debts, or who
3 regularly collects or attempts to collect, directly or indirectly, any
4 debts owed or due or asserted to be owed or due to another."
5 C.                               STATEMENT OF THE CASE
6     4.       On May 25, 2015, The plaintiff obtained a copy of his
7 credit report from Equifax Information Services, Experian Information
8 Solutions, and Trans Union Corporation which revealed that Receivables Performance
9 Management ("defendant") had placed an entry on plaintiffs credit
10 report which communicated that plaintiff allegedly had an account in
11 default with the defendant in the amount of $ 695.00 through
12 assignment from the original creditor dated 12/03/2014. See Exhibit A
13     5.       On 06/23/2015, the defendant took receipt of plaintiffs
14 "Notice of Relief", requesting the defendant validate the alleged debt
15 pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.
16 § 1692g(a) and 1692g(b), through certified mail receipt which is numbered
17 70081830000450345301 and attached as Exhibit B. It should be noted that
18 the defendant refused top respond to plaintiffs validation request.
19 D.                                   CLAIM ONE
20     6.       The plaintiff asserts that defendant violated section
21 15 U.S.C. § 1692e(2)(A) of the Fair Debt Collections Practices Act
22 when the defendant reported to Equifax Information Services, Experian
23 Information Solutions, and Trans Union Corpporation that the plaintiff
24 is in default with the defendant in the amount of $ 695.00 through
25 assignment from the original creditor. See Exhibit A
26     7.       Snyder v. Gordon, 2012 U.S. Dist LEXIS 120659, (9th Cir.)
27 which states, " The FDCPA prohibits the false representation of the

" character, amount, or legal status" of any debt. § 1692e(2)(A). A misstatement of a debt need not be knowing or intentional to create liability under this section. Clark, 460 F.3d at 1176."

8. The defendant intended to manipulate the plaintiff by falsely representing that the alleged debt which is a violation of the Fair Debt Collections Practices Act ("FDCPA"). This constitutes a vilation of the "Act" as a matter of law.

9. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(2)(A) of the ("FDCPA").

E. ### CLAIM TWO

10. The plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(8) of the Fair Debt Collections Practices Act when the defendant communicated false information concerning the alleged debt that the plaintiff never owed to the defendant, nor had the alleged debt been assigned to the defendant. The defendant communicated to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation false information, stating that the defendant had been assigned to collect said debt from the plaintiff, and the plaintiff was in default for $ 695.00   to the defendant. See Exhibit A

11. Nelson v. Equifax Information Services. LLC, 522 F. Supp. 2d 1222 (9th Cir. 2007) states, " in order to sustain a section 1692e(8) claim, a party must show that a debt collector communicated or threatened to communicate credit information which they knew or should have known was false, including failing to communicate that debt was disputed". Receivables Performance Management   never had a valid assignment authorizing them to pursue and report to credit bureaus alleged debts

associated with the plaintiff.

11. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(8) of the ("FDCPA").

F. ### CLAIM THREE

12. Plaintiff asserts that defendant violated seection 15 U.S.C § 1692e(10) of the Fair Debt Collections Practices Act when the defendant used false and deceptive means to attempt to collect a debt from the plaintiff. By communicating false information, the defendant attempted to gain an advantage of an unsophisticated consumer through false representation.

13. Heathman v. Portfolio Recovery Assocs., LLC, U.S. Dist. Lexis 27057 (9th Cir. 2013) states, " A debt collector violates section 1692e(10) if it 'use[s]... a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer ("a debt collectors representation that a debt is owed to it when in fact is not, amounts to a misrepresentation barred by the ("FDCPA")."

14. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(10) of the ("FDCPA").

G. ### CLAIM FOUR

15. Plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(12) of the Fair Debt Collections Practices Act when the defendant communicated the false representation that the alleged account was turned over to Receivables Performance Management for value to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation

Page 4 of 9

See Exhibit A. The defendant never received assignment to pursue or report to credit bureaus alleged debts associated with the plaintiff.

16. Fortunato v. Hop Law Firm, LLC, U.S. Dist. LEXIS 152712, (9th Cir. 2012) states, "Section 1692e(12) prohibits " The false representation or implication that accounts have been turned over to innocent purchasers for value", when determining whether a misrepresentation in a debt collection has been made, the court must apply the "least sophisticated debtor" standard and make a determination as to whether the debt would be "deceived or mislead by the misrepresentation", quoting Wade v.Reg'l Credit Ass'n, 87 F. 3d 1098, 1098-100 (9th Cir. 2006).

17. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C § 1692e(12) of the ("FDCPA").

H. CLAIM FIVE

18. Plaintiff asserts defendant violated section 15 U.S.C. § 1692f(1) of the Fair Debt Collections Practices Act when the defendant used unconscionable means to attempt to collect an alleged debt by reporting to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation that receivables performance management had obtained legal permission, documented by a valid assignment that the plaintiff was now in default with a debt owed to the defendant with a debt owed to the defendant with the attempt to force the plaintiff to pay the $ 695.00 allegedly owed.

19. Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

20.   Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressingly authorized by the agreement creating the debt or permitted by law." Minus the agreement to collect on the attempted debt, the defendant is in direct violation of this section.

21.   Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").

I.                              **CLAIM SIX**

22.   The plaintiff asserts that defendant violated section 15 U.S.C. § 1692g(b) of the Fair Debt Collections Practices Act when he refused to respond to plaintiffs validation request. The defendant took receipt of plaintiffs "Notice of Administrative Remedy" and requested that the defendant provide the original creditors name, address, and verification of the alleged assignment or documents that gives Receivables Performance Managment the legal right to pursue and report to credit bureaus alleged debts associated with the plaintiff. The defendant took receipt of plaintiffs request for validation through certified mail receipt # 70081830000450345301 , which is attached as **Exhibit B**.

23.   Danaher v. Northstar Location Servs., U.S. Dist. LEXIS 77606 (9th Cir. 2013) states, " If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion tereof is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed

portion thereof, until the debt collector obtains verification or judgement, or name and address of the original creditor, is mailed to the consumer by the debt collector." By Performance Managment Receivaables refusing to communicate with the plaintiff regarding the original creditor and the alleged assignment or documents that granted the defendant the right to report to the credit reporting agencies that the defendant legally obtained the alleged debt. The defendant is in violation of section 1692g(b).

24. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692g(b) of the ("FDCPA").

J.                    DAMAGES

25. 15 U.S.C. § 1692k - Civil Liablity - (a) Amount of Damages - Except as otherwise prohibited by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ et seq] with respect to any person is liable to such person in an amount equal to the sum of:

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00.

K.                    REQUESTED RELIEF

CLAIM ONE: A violation of 15 U.S.C. § 1692(2)(A) of the ("FDCPA") is $1,000.00 for the false representation of debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:**          + $3,000.00

**CLAIM TWO:** A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is $1,000.00 for submitting false information to each of the three credit reporting agencies Equifax Information Services, Experian Information Solutions, and Trans Union Corporation by the defendant.

**TOTAL DAMAGES:**     + $3,000.00

**CLAIM THREE:** A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is $1,000.00 for the false communication by the defendant to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:**     + $3,000.00

**CLAIM FOUR:** A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is $1,000.00 for the false representation by the defendant regarding the plaintiffs alleged debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:**     + $3,000.00

**CLAIM FIVE:** A violation of 15 U.S.C § 1692f(1) of the ("FDCPA") is $1,000.00 for the unconscionable means used by the defendant to attempt to collect on a debt by the plaintiff. This includes reporting to the three major credit reporting agencies Equifax Information Services, Experian Information Solutions, and Trans Union Corporation of the unconscionalbe means to collect.

**TOTAL DAMAGES:**     + $3,000.00

**CLAIM SIX:** A violation of 15 U.S.C. § 1692g(b) of the ("FDCPA") is $1,000.00 for refusing to validate the alleged debt that the defendant reported to the three credit reporting agencies, Equifax Inforamtion Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:**     + $1,000.00

26. The total amount of damages requested by the plaintiff is $16,350.00.

27. The $350.00 added is the court cost associated with this action.

I Benjamin S. Miner, hereby declare under penalty of perjury in the state of California, that the information stated above and any attachments to this form is true and correct.

DATED: 07/24/2015        BY _____
                            Benjamin Scott Miner

Full Credit Report | Credit Karma								Page 4 of 7
Case 3:15-cv-02767-H-BGS   Document 1   Filed 12/09/15   PageID.10   Page 10 of 11

EXHIBIT A

| MIDLAND FUND | GE CAPITAL RETAIL BANK | Feb 26, 2014 | Open | $152 |

**Account Details**

| | | **Creditor Contact Details** |
|---|---|---|
| Last Reported | May 08, 2015 | MIDLAND FUNDING LLC |
| Collection Agency | MIDLAND FUND | 8875 AERO DR 200 |
| Original Creditor | GE CAPITAL RETAIL BANK | SAN DIEGO, CA 92123 |
| | | (844) 236-1959 |
| Status | Open | See something wrong? |
| Opened Date | Feb 26, 2014 | |
| Closed Date | — | Learn more about how to dispute items on your credit report. |
| Responsibility | Individual | |
| Balance | $152 | |
| High Balance | $152 | |
| Remarks | Placed for collection | |

| CA BUS BUR | SCRIPPSHEALTH CHULA VISTA | Mar 02, 2015 | Open | $1,051 |

**Account Details**

| | | **Creditor Contact Details** |
|---|---|---|
| Last Reported | Apr 21, 2015 | CALIF BUSINESS BUREAU |
| Collection Agency | CA BUS BUR | 1711 S MOUNTAIN AVE |
| Original Creditor | SCRIPPSHEALTH CHULA VISTA | MONROVIA, CA 91017 |
| | | (626) 303-1515 |
| Status | Open | See something wrong? |
| Opened Date | Mar 02, 2015 | |
| Closed Date | — | Learn more about how to dispute items on your credit report. |
| Responsibility | Individual | |
| Balance | $1,051 | |
| High Balance | $1,050 | |
| Remarks | Placed for collection | |

| RCVL PER MNG | 11 AT T | Dec 03, 2014 | Open | $695 |

**Account Details**

| | | **Creditor Contact Details** |
|---|---|---|
| Last Reported | Jan 25, 2015 | RECEIVABLES PERFORMANCE |
| Collection Agency | RCVL PER MNG | 20816 44TH AVE WES |
| Original Creditor | 11 AT T | LYNNWOOD, WA 98036 |
| | | (866) 212-7408 |
| Status | Open | See something wrong? |
| Opened Date | Dec 03, 2014 | |
| Closed Date | — | Learn more about how to dispute items on your credit report. |
| Responsibility | Joint | |
| Balance | $695 | |
| High Balance | $695 | |
| Remarks | Placed for collection | |

EXHIBIT B

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X [signature] ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) Lns Marmorkes C. Date of Delivery 6/23 |
| 1. Article Addressed to:<br>Attn: Howard George, CEO<br>Receivables Performance Management<br>20816 44th Avenue West<br>Lynwood, WA. 98036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7008 1830 0004 5034 5301 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540