# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN SCOTT MINER,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>HOWARD GEORGE, CEO; and RECEIVABLES PERFORMANCE MANAGEMENT,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 15-CV-2767-H (BGS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE AND DIRECTING THE CLERK TO CLOSE THE CASE** |

　　On December 9, 2015, Plaintiff Benjamin Scott Miner filed a complaint against Defendants Howard George and Receivables Performance Management, alleging causes of action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (Doc. No. 1.) On January 25, 2016, Defendants filed an answer to Plaintiff's complaint. (Doc. No. 5.)

　　On April 1, 2016, Plaintiff filed a notice of voluntary dismissal seeking to dismiss the present lawsuit without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. No. 20.) Because by then Defendants had filed an answer in the present case, Plaintiff could not dismiss the present action under Rule 41 through a notice of voluntary dismissal. See Fed. R. Civ. P. 41(a)(1)(A)(i). Therefore, on April 6, 2016, the Court issued an order for Defendants to respond as to whether they opposed

1  Plaintiff's request to dismiss the action without prejudice. (Doc. No. 21.) On April 12,
2  2016, Defendants filed a response stating that they "do not object to a dismissal without
3  prejudice, on the condition that if Plaintiff re-files the claims asserted within this
4  litigation in this, or another court, then Plaintiff must be required to pay all fees and
5  costs incurred by defendants in this litigation.  Further, the subsequent litigation shall
6  be stayed until all fees and costs incurred by defendants in this litigation have been
7  paid." (Doc. No. 22.)

8  Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be
9  dismissed at the plaintiff's request only by court order, on terms that the court considers
10 proper." "Rule 41(a)(2) permits a plaintiff, with the approval of the court, to dismiss
11 an action without prejudice at any time." Stevedoring Servs. of Am. v. Armilla Int'l
12 B.V., 889 F.2d 919, 921 (9th Cir. 1989). "A motion for voluntary dismissal under Rule
13 41(a)(2) is addressed to the district court's sound discretion and the court's order will
14 not be disturbed unless the court has abused its discretion." Id.

15 After considering the parties' filings and the record in this case, the Court,
16 exercising its sound discretion, dismisses the present action without prejudice pursuant
17 to Rule 41(a)(2).  Further, the Court declines to grant Defendants' requested relief at
18 this time.  In the event Plaintiff re-files the claims asserted in this action in this Court,
19 or in another court, Defendants at that time may file a motion for costs in this action.
20 The decision of whether to stay the subsequent action pending relief in this action will
21 be up to the discretion of the trial judge presiding over that subsequent action.  The
22 Clerk is directed to close the case.

23 **IT IS SO ORDERED.**
24 DATED: April 21, 2016

26 MARILYN L. HUFF, District Judge
   UNITED STATES DISTRICT COURT